UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC D. HARRIS, #447304,

       Plaintiff,

v.

CASE NO. 2:16-CV-10360
HONORABLE VICTORIA A. ROBERTS

GREG LANFORD and LENAWEE CO.,

       Defendants.
                             /

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### **I. INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Isaac D. Harris ("Plaintiff") challenges his 2004-2005 state criminal proceedings alleging that he was arrested without probable cause, that he was not provided an arraignment, that he was held in jail despite payment of a surety bond, and that his bond was not refunded.[1] He asserts that such actions constitute false arrest, false imprisonment, and malicious prosecution. He names Adrian Police Detective Greg Lanford and Lenawee County as defendants and sues them in their official and individual capacities. He seeks monetary damages and other appropriate relief. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1).

---

[1] Plaintiff was convicted of armed robbery, carrying a weapon with unlawful intent, and possession of a firearm during the commission of a felony in the Lenawee County Circuit Court and sentenced as a second habitual offender to 14 to 30 years imprisonment, a concurrent term of two years four months to seven years six months imprisonment, and a consecutive term of two years imprisonment in 2005. Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=447304.

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Id*.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]'

2

devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III.  DISCUSSION

#### A.  Claims Regarding State Criminal Proceedings

Plaintiff's claims concern his state criminal proceedings and are subject to summary dismissal for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

3

internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Plaintiff's claims concern the validity of his 2004-2005 state criminal proceedings. If he were to prevail on those claims, his state criminal convictions and continued confinement would be called into question. Consequently, Plaintiff's claims are barred by *Heck* and his Civil Rights Complaint must be dismissed.[2]

### B. Claims against Lenawee County

Plaintiff names Lenawee County as a defendant in this action. Municipalities and local governments may be subject to suit under 42 U.S.C. § 1983. *Monell v. Department of Social Svs.*, 436 U.S. 658 (1978). However, a local government may only be sued under § 1983 when the execution of a government policy or custom, for which the government as an entity is responsible, inflicts the injury. *Id*. at 692. In other words, for a government entity to be held liable under § 1983, "the entity's policy or custom must be the moving force behind the constitutional deprivation." *S.H.A.R.K. v. Metro Parks*, 499 F.3d 553, 563 (6th Cir. 2007). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable

---

[2]To the extent that Plaintiff challenges his bond and asserts that his bond money was not refunded, such a claim may not be barred by *Heck*. It is nonetheless subject to dismissal, however, because Plaintiff fails to name a proper defendant. Neither Detective Lanford nor Lenawee County were responsible for such matters, which were handled by the state court. *See* discussion *infra*. It is well-settled that a plaintiff must allege facts demonstrating the personal involvement of a defendant to state a claim against that defendant under § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability). Plaintiff thus fails to state a claim upon which relief may be granted as to this issue.

under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691.

In his pleadings, Plaintiff does not allege any facts which indicate that Lenawee County operates unconstitutionally, maintains an unconstitutional policy or custom, or that any of its policies or customs accounted for any alleged improper conduct which caused him injury. The state courts and their employees are arms of the State of Michigan, not entities operated by the counties. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan*, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); *Brown v. Michigan Dep't of Corr., et al.*, No. 2:10-CV-12649, 2010 WL 5056195, *2 (E.D. Mich. Dec. 6, 2010). Any actions by the state court judge, the state prosecutor, and/or court employees occurred in their service as agents of the State, not Lenawee County, such that Lenawee County is not liable for any alleged improprieties in Plaintiff's state criminal proceedings. *Cady v. Arenac Co.*, 574 F.3d 334, 345 (6th Cir. 2009). Plaintiff also does not allege any facts which show that Lenawee County is responsible for the other defendant's conduct. According to Plaintiff's pleadings, Detective Lanford is employed by the Adrian City Police Department, not Lenawee County. Consequently, Lenawee County cannot be held liable for his actions. Plaintiff's claims against Lenawee County must therefore be dismissed for this additional reason.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his pleadings. Accordingly, the Court **DISMISSES** his Civil Rights Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). To the extent that the dismissal is based upon *Heck, supra*, it is without prejudice. In all other respects, the dismissal is with prejudice.

The Court further concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

S/VICTORIA A. ROBERTS<br>UNITED STATES DISTRICT JUDGE

Dated: February 18, 2016